JOHN W. CLAMPITT *et al., Respondents, v.* JOHN W. KERR *et al., Appellants.*

PRESUMPTIONS THAT JURY APPLIED INSTRUCTIONS.—The Court may properly refuse to give instructions made up of abstract principles of law, having no particular reference to the evidence before the jury. Yet if such instructions are given in general terms, it will be presumed that the jury properly applied them to the case before them.

ERROR NEVER PRESUMED.—Where an instruction is refused by the Court in the form asked, but given, as the record shows, with an explanation, but without showing what that explanation was, it must be presumed that the Court eliminated whatever was erroneous, and correctly applied the law to the case.

APPEAL from the Third District Court.

.This was an action for damages in failing to deliver a lot of railroad ties at Corinne, Utah Territory, by flooding said ties down Bear River from a point fifteen miles above "Soda Springs," in Idaho Territory, under a written contract to deliver the same within four months from the 28th day of July, 1869.

The following are the instructions complained of by Appellants, and mentioned in the opinion of the Court.

*4th Instruction.* "If the jury believe from the evidence that is was impossible to have delivered the ties at Corinne between the 28th day of July, 1869, and the 10th day of December, 1869, and the Defendants, nevertheless, undertook to deliver them there within that period, they are bound by their contract, and the jury must find for the Plaintiffs."

*8th Instruction.* "Where both parties to a contract are innocent of wrong, and one of them must suffer, he whose fault occasioned the injury must bear the loss."

*9th Instruction.* "The parties to the contract in this action made and executed the same in view of the seasons and all natural objects existing at the date of the contract, and to be encountered in its fulfillment."

*Hempstead & Gamble,* for Appellants.

*J. C. Hemingray, Tilford & Hagan,* and *C. H. Morgan,* for Respondents.

The fourth instruction for Plaintiffs (Respondents) was proper, because if parties make impossible contracts they are held for their folly. 2 Pars. on Con., 5th Ed. 672–3, 675–6 ; Beebe *v.* Johnson, 19th Wend. 500; Chitty's Con., 7 Am. Ed., 734–5 and note *c ;* Tuffnell *v.* Constable, 3 Neville & Perry 47; S. C. 7 Ad. & Ell. 798; Morrison *v.* Wilson, 30 Cal. 348.

The eighth instruction contains the law, and was given to aid the jury. It is not misleading. Davis *v.* Davis, 26 Cal. 39–40, 44 ; Lickbarrow *v.* Mason, 2 Term R. 70.

The ninth instruction merely advises the jury that where parties make contracts, they are understood to make them in reference to the elements and natural objects with which they must come in contact. The instruction contains the law. 2 Pars. Con., 5th Ed. 672 –3 and note *h;* Ib. 499.

EMERSON, J., delivered the opinion of the Court :

The Appellants have abandoned their points made upon the exclusion of certain testimony, and the remaining assignments of error are to portions of the charge of the Court as given, and to refusals to charge.

The fourth and eighth requests of the Respondents may be considered together. They are correct as abstract principles of law, and although it is difficult to see how they could be made applicable to the case, yet it is not perceived in what manner the jury could have been misled by them  We do not believe the jury could have inferred from the fourth request as given, that they were left to construe the contract.

The same may be said of the Respondents' ninth refusal. It was a mere statement of what was in the contract itself, and was no more favorable to the Respondents than to the Appellants. It applied to the one party as well as the other. The Court may properly refuse to give instructions made up of abstract principles of law, having no particular reference to the evidence before the jury, yet if such instructions are given in general terms, it will be presumed that the jury properly applied them to the case before them. We see no error in the instructions given that would warrant us in reversing the judgment. Nor do we see any error in the refusals to charge as requested by the Appellants. These propositions were substantially covered by, and embraced in, their otherrequests, as actually given by the Court. We have regarded the thirteenth request of the Appellants

as given so far, as it was correct and applicable to the case. As a whole the Appellants were not entitled to it. The Court therefore properly refused it in that form. The record shows that it was explained, but does not show what that explanation was. In the absence of this showing it must be presumed that the Court eliminated whatever was erroneous, and correctly applied the law to the case.

Upon the whole record, taking the charge as actually given, we think the issues raised between the parties were fairly left to the jury, and that this verdict ought not to be disturbed.

The judgment is affirmed, with costs.

LOWE, C. J., and BOREMAN, J., concurring.